## W. D. MILLER *v.* T. F. MARSHALL.

**Judgment—Description of Land.**

> A judgment for the sale of land should describe the land so that it may be identified without reference to loose papers in the record. However, such a judgment is not void, and a sale under it cannot be attacked otherwise than by an appeal.

### APPEAL FROM TAYLOR CIRCUIT COURT.

#### October 10, 1877.

OPINION BY JUDGE COFER:

The sole ground of the former decision between these parties was that the appellant had accepted a conveyance with warranty, and having failed to allege that the warrantor was insolvent or a non-resident, he failed to manifest a right to call for an exhibition of title.

We are therefore of the opinion that the judgment in that case presents no bar to the relief sought in this case. The sufficiency of the appellee's title was not litigated in that case, because the appellant failed to show a right to call for an exhibition of title and to demand the judgment of the court upon its sufficiency.

In this case he has alleged that the appellee is insolvent, and that his title is insufficient. But having made the record of the suits of W. N. Marshall's devisees against William M. Syrn and others and T. F. Marshall against W. D. Miller part of his petition, these records must be looked into, and if they contradict allegations made in the petition the facts then shown must prevail over inconsistent allegations in the petition.

The record of the first of the above causes shows that Syrn, who is alleged to have been the owner of one-seventh of the land and not to have been properly before the court, had no interest whatever in it. It also shows that although the petition and judgment in that case contained no sufficient description of the land, there was and is now among the papers of the case a plat and survey which is referred to in the judgment as describing the land ordered to be sold. And the commissioner's report and deed to appellee, which are also in the record of the suit of Marshall against Miller, show that the sale was made in accordance with the survey and judgment.

We have repeatedly decided that a judgment for the sale of land should describe it so that it may be identified without reference to loose papers in the record, and we have reversed many judgments

38

because they contained no such description, but we have never decided that such a judgment is void, or that a sale under it could be attacked otherwise than by an appeal.

Any description in a judgment, which, if contained in a memorandum of a private sale, could be valid and enforcible, will uphold a judicial sale when collaterally attacked. The sale was therefore undoubtedly valid, as far as it depended on the description of the property adjudged to be sold.

The land in fact belonged to six persons as devisees of W. N. Marshall, William and his children being considered as one devisee. The appellant does not question that all the devisees except William Marshall's children and Mrs. Cowherd were bound by the judgment (except for lack of description of the land). It thus appears that the appellee acquired a valid title to at least four-sixths of the entire tract, and that the appellant has title to as much of the land as he purchased. The contract being executed, and nothing else appearing except that the title to an undivided one-third may fail, no sufficient grounds for a rescission were made out.

All the appellant will be entitled to in any event will be compensation for that part of the land he may ultimately lose. He shows by his petition that he yet owes one-half of the purchase money. This will afford him ample indemnity against any loss he can sustain. He may decline to pay the balance now unpaid, and when sued may, by appropriate pleading, bring the children of 'William Marshall and Mrs. Cowherd and her husband before the court, compel them and the appellee to litigate any claim they may assert, and if it shall be decided that their title did not pass by the sale he may be permitted to retain a sum bearing the same proportion to the whole purchase money that the interest he may lose bears to the whole land.

It is stated by the appellee's counsel that Mrs. Cowherd has made a deed conveying her interest, but we do not find it in the record. Of course, if she has done so that will obviate all further difficulty as to her alleged interest.

Judgment *affirmed.*

*R. S. Montague, for appellant.*

*W. B. Harrison, William Howell, for appellee.*